IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| WESKAN GRAIN LLC; COLORADO PACIFIC RAILROAD, L.L.C.; D&L FARMS, GP; E&D FARMS, GP; D&C FARMS, GP; L&E FARMS, GP; NORTH FOUR FARMS, GP; MARIENTHAL GRAIN LLC; D&A FARMS, GP; HINEMAN LAND & CATTLE, INC.; HINEMAN RANCH, L.L.C.; CIRCLE C FARMS, INC.; STEVEN COMPTON;  MARK SANDERS; and JLD PARTNERSHIP;<br><br>     Plaintiffs,<br><br>  v.<br><br>KANSAS & OKLAHOMA RAILROAD, LLC, and UNION PACIFIC RAILROAD COMPANY<br><br>     Defendants. | Civil Action No. 26-cv-02053-JAR-GEB |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Plaintiffs Weskan Grain LLC ("Weskan"); Colorado Pacific Railroad, L.L.C. ("CXR"); D&L Farms, GP; E&D Farms, GP; D&C Farms, GP; L&E Farms, GP; North Four Farms, GP; Marienthal Grain, LLC; D&A Farms, GP; Hineman Land & Cattle, Inc.; Hineman Ranch, L.L.C.; Circle C Farms, Inc.; Steven Compton; Mark Sanders; and JLD Partnership[1] (collectively, "Plaintiffs") submit this response to Defendants' Motion for Extension of Time to

---

[1] D&L Farms, GP; E&D Farms, GP; D&C Farms, GP; L&E Farms, GP; North Four Farms, GP; Marienthal Grain, LLC; D&A Farms, GP; Hineman Land & Cattle, Inc.; Hineman Ranch, L.L.C.; Circle C Farms, Inc.; Steven Compton;  Mark Sanders; and JLD Partnership are collectively referred to as "Farmer Plaintiffs."

Answer or Otherwise Respond to the Complaint ("Motion")[2] and would respectfully show the following:

    1.   Defendants conflate a proceeding before the Surface Transportation Board ("STB") with this lawsuit, based on misstatements of fact and law. But these are two separate proceedings with separate issues asserted by separate parties before separate tribunals. Plaintiffs here assert claims under federal and state antitrust laws, claims over which this Court has jurisdiction.

    2.   Plaintiffs seek relief that cannot be granted in the STB proceeding, including a finding of antitrust violations under the Sherman Act, the Kansas Restraint of Trade Act, and the Colorado Antitrust Act, as well as monetary damages and injunctive relief. Any ruling in the STB proceeding has no bearing on these antitrust claims. Plaintiffs CXR and the Farmer Plaintiffs in this case are not parties to the STB proceeding and can obtain no relief in the STB proceeding.  It would be fundamentally unfair to delay plaintiffs' legal action before this Court in deference to a separate proceeding that has no legal effect on them. Further, defendant UP is not a party in the STB proceeding and, despite requests from the STB, its participation has been *de minimus*.

    3.   In addition to being premature and improperly raised in a motion for extension of time, Defendants' position concerning STB jurisdiction is also factually and legally flawed. For one, there is significantly less overlap between the cases than Defendants claim, as most of the parties and relief sought in this action are unique. Second, Defendants chose to intentionally conceal the interchange commitment at issue in this case from the STB for years despite being legally required to obtain STB approval for it. It, therefore, strains credulity for Defendants to argue the STB has exclusive jurisdiction over any and all injuries stemming from their secret

---

[2] Defendant Kansas & Oklahoma Railroad, LLC ("K&O") first filed a motion for an extension of time.  *See* ECF 21. Defendant Union Pacific Railroad Company ("UP") then also moved for an extension and incorporated K&O's arguments.  *See* ECF 22.  Plaintiffs respond as if they were a single motion.

agreement. Finally, following the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), Defendants' jurisdictional arguments are grossly overstated and may no longer be good law, particularly in this context.

4. Defendants essentially seek an indefinite extension of time. There is no assurance that the STB will rule by March 25th. There is no reason to delay the progress of this federal antitrust lawsuit to an indeterminate date when a government agency will act. This is especially true considering the Court has already extended Defendants' response time once (from February 18, 2026, to March 4, 2026). A second extension of time—which could delay this matter for months, if not longer—is not warranted.

For the foregoing reasons, this Court should deny Defendants' Motion for Extension of Time to Answer or Otherwise Respond to the Complaint.

Dated: February 26, 2026

Respectfully submitted,

 */s/ Isaac L. Diel*
Rex A. Sharp, KS #12350
Isaac L. Diel, KS #14376
Hammons P. Hepner, KS #29138
Sharp Law LLP
4820 W. 75th Street
Prairie Village, KS  66208
Telephone: (913) 901-0505
rsharp@midwest-law.com
idiel@midwest-law.com
hhepner@midwest-law.com

--and--

Thomas R. Ajamie, admitted *pro hac vice*
Texas Bar No. 00952400
Courtney D. Scobie, admitted *pro hac vice*
Texas Bar No. 24045796
John S. "Jack" Edwards, Jr., admitted *pro hac vice*
Texas Bar No. 24040851

AJAMIE LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
tajamie@ajamie.com
cscobie@ajamie.com
jedwards@ajamie.com

*Counsel for Plaintiffs*

5

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on February 26, 2026, a copy of the foregoing Plaintiffs' Response to Defendants' Motion for Extension of Time to Answer or Otherwise Respond to the Complaint was served on Defendants' counsel via the CM/ECF system.

*/s/ Isaac L. Diel*
Isaac L. Diel
