**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| WESKAN GRAIN LLC; COLORADO PACIFIC RAILROAD, L.L.C.; D&L FARMS, GP; E&D FARMS, GP; D&C FARMS, GP; L&E FARMS, GP; NORTH FOUR FARMS, GP; MARIENTHAL GRAIN LLC; D&A FARMS, GP; HINEMAN LAND & CATTLE, INC.; HINEMAN RANCH, L.L.C.; CIRCLE C FARMS, INC.; STEVEN COMPTON; MARK SANDERS; and JLD PARTNERSHIP; | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:26-cv-02053 |
| v. | ) ) ) | |
| KANSAS & OKLAHOMA RAILROAD, LLC, and UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT KANSAS & OKLAHOMA RAILROAD, LLC'S MOTION TO DISMISS**

Defendant Kansas & Oklahoma Railroad, LLC moves to dismiss Plaintiffs' Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth below and in K&O's Memorandum in Support.

To begin, the Court need not reach the merits of Plaintiffs' failure to state a claim. First, K&O has implied antitrust immunity under the ICC Termination Act's comprehensive regulatory scheme. *See Credit Suisse Sec. (USA) LLC v. Billing*, 551 U.S. 264, 285 (2007). Second, the ICCTA preempts Plaintiffs' state antitrust claims under Colorado and Kansas law. *See Fayus Enters. v. BNSF Ry.*, 602 F.3d 444, 452 (D.C. Cir. 2010).

If the Court reaches the merits, Plaintiffs fail to state plausible claims. Plaintiffs assert seven claims under federal and state antitrust law: (I–II) price-fixing and unlawful market allocation under the Sherman Act § 1; (III–IV) monopolization (against Union Pacific only) and

conspiracy to monopolize under the Sherman Act § 2; (V–VI) conspiracy to monopolize a line of business and to restrain trade under the Kansas Restraint of Trade Act (K.S.A. § 50-101 *et seq*.); and (VII) conspiracy to restrain trade under the Colorado Antitrust Act (C.R.S. § 6-4-101 *et seq*.). *See* Compl. ¶¶ 74–119. As a threshold matter, Plaintiffs fail to plausibly allege a relevant market and market power. This deficiency is fatal to their price-fixing and conspiracy to monopolize theories. *Ass'n of Surgical Assistants v. Nat'l Bd. of Surgical Tech. & Surgical Assisting*, 127 F.4th 178, 189–90 (10th Cir. 2025); *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, 843 F.3d 1225, 1230 (10th Cir. 2016).

Besides these dispositive threshold issues, Plaintiffs fail to allege plausible antitrust violations. Plaintiffs' price-fixing claim fails because the Complaint does not plausibly allege that K&O and Union Pacific share a unity of purpose or a conscious commitment to a common scheme to restrain trade. *See Suture Express, Inc. v. Cardinal Health 200, LLC*, 963 F. Supp. 2d 1212, 1223 (D. Kan. 2013). Plaintiffs' market allocation claim fails because K&O and Union Pacific are not competitors operating at the same market level, nor have they agreed to divide anything between themselves to the exclusion of the other. *See United States v. Topco Assocs., Inc.*, 405 U.S. 596, 608 (1972). And Plaintiffs' conspiracy-to-monopolize claim fails because it advances an impermissible shared monopoly theory. *See Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*, 926 F. Supp. 2d 36, 46 (D.D.C. 2013).

Finally, the Clayton Act bars injunctive relief against common carriers, precluding Plaintiffs' request for injunctive relief against K&O. 15 U.S.C. § 26.

For these reasons and the reasons set forth in K&O's Memorandum in Support, K&O respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.

Dated: April 2, 2026

Respectfully submitted,

*/s/ Jeffrey J. Simon*
Jeffrey J. Simon, KS 15231
Sara A. Fevurly, KS 27537
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
T: 816.983.8000
F: 816.983.8080
jeff.simon@huschblackwell.com
sara.fevurly@huschblackwell.com

Daniel G. Solomon, *admitted pro hac vice*
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006
T: 202.378.2300
danny.solomon@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**
**KANSAS & OKLAHOMA RAILROAD, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, I filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Jeffrey J. Simon*