53229
EB

SERVICE DATE – SEPTEMBER 30, 2026

SURFACE TRANSPORTATION BOARD

DECISION

Docket No. FD 36849 (Sub-No. 1)

KANSAS & OKLAHOMA RAILROAD, LLC—
LEASE AND OPERATION EXEMPTION WITH INTERCHANGE COMMITMENT—
UNION PACIFIC RAILROAD COMPANY

Digest:[1] This decision grants a request by Weskan Grain LLC (Weskan) to file a response to Union Pacific Railroad Company's reply in support of a petition filed by Kansas & Oklahoma Railroad, LLC (K&O), and permits K&O to file a limited response to Weskan. The decision also denies Weskan's request for additional discovery.

Decided: September 29, 2026

On May 4, 2026, Kansas & Oklahoma Railroad, LLC (K&O), a Class III rail carrier, filed a petition (the Petition) under 49 U.S.C. § 10502 seeking an exemption from the provisions of 49 U.S.C. § 11323 for after-the-fact authority to renew and amend a lease agreement between K&O and Union Pacific Railroad Company (UP) governing K&O's possession and use of approximately 165.98 route miles of UP-owned railroad line in western Kansas and Colorado (the Lease). The leased lines consist of two segments of rail line, which extend (1) between milepost 523.02 at Geneseo, Kan., and milepost 606.0 at McCracken, Kan., and (2) between milepost 664.5 at Healy, Kan., and milepost 747.5 at Towner, Colo. (the Lines).

K&O filed the Petition in response to an earlier decision in which the Board denied K&O's previous petition for exemption, which sought similar relief, for failure to meet its burden to demonstrate that continued regulation is not necessary to carry out the rail transportation policy (RTP) of 49 U.S.C. § 10101. See Kan. & Okla. R.R.—Lease & Operation Exemption with Interchange Commitment—Union Pac. R.R. (March 2026 Decision), FD 36849 (STB served Mar. 20, 2026).

On June 15, 2026, Weskan Grain LLC (Weskan) filed a reply in opposition to the Petition, arguing that the amendments to the Lease's interchange commitment do not satisfy the factors identified by the Board in Review of Rail Access & Competition Issues—Renewed Petition of the Western Coal Traffic League (Review of Rail Access), EP 575 et al., slip op. at 7- 8 (STB served Oct. 30, 2007). (Weskan Reply 4-17, June 15, 2026.) Weskan also argues

[1] The digest constitutes no part of the decision of the Board but has been prepared for the convenience of the reader. It may not be cited to or relied upon as precedent. See Pol'y Statement on Plain Language Digs. in Decisions, EP 696 (STB served Sept. 2, 2010).

Exhibit A

that the transaction is contrary to the RTP. (Id. at 19-22.) Weskan asks the Board to deny K&O's Petition but requests that, if a proceeding is instituted, the Board allow for discovery and supplemental filings by the parties. (Id. at 24.)

Also on June 15, 2026, UP filed a reply in support of the Petition. UP argues that the Lease has not foreclosed, and will not foreclose, interchange or otherwise reduce competition for shippers. (UP Reply 1, June 15, 2026.) UP contends that the interchange commitment meets the factors articulated by the Board in Review of Rail Access and that the Lease is in the public interest. (Id. at 2, 9, 14-20.) The interchange commitment, according to UP, "is structured to fairly compensate Union Pacific while providing lower (or no) out-of-pocket costs to K&O and more predictability in terms of those reduced costs." (Id. at 29.) UP asks the Board to grant the Petition. (Id. at 30.)

On July 1, 2026, K&O and UP filed a joint opposition to Weskan's request for additional discovery. K&O and UP contend that during the previous proceeding the parties engaged in a full round of discovery on the lease amendments at issue, as a result of which "tens of thousands of pages of discovery were produced to Weskan," and "Weskan has not articulated a specific need or reason why further discovery should be had." (Joint Opp. 1, July 1, 2026.) And, while Weskan claims to seek only "limited discovery," K&O and UP argue that "the scope is so broad as to be boundless." (Id.) K&O and UP ask the Board to deny Weskan's request.

On July 6, 2026, Weskan filed a motion for leave to file a reply to UP's reply in support of the Petition. Weskan attached to its motion a copy of its reply. Weskan asks the Board to waive 49 C.F.R. § 1104.13(c) and allow its reply because UP's reply offered new, substantive information in defense of the lease and interchange commitment. (Weskan Mot. 1-2, July 6, 2026.)

On July 9, 2026, Weskan responded to K&O and UP's opposition to its request for additional discovery, arguing that based on the terms of the protective order issued in the prior proceeding, Weskan was prohibited from using the information produced in that proceeding in the present proceeding. (Weskan Reply 1-2, July 9, 2026.) Weskan contends that the position that K&O now takes regarding the use of discovery from the prior proceeding is contrary to the position K&O took at the onset of this proceeding. (Id. at 2.) According to Weskan, K&O asserted that the prior protective order was not operative and that this current proceeding is separate and distinct from the prior proceeding. (Id.) Moreover, Weskan contends the current petition alleges facts not proffered in the last proceeding, and therefore, there was no prior discovery taken on those issues. (Id. at 3.) Weskan repeats its request for additional discovery or, in the alternative, that the Board direct K&O and UP "to supplement their filings to try to provide sufficient information to meet their burden that the lease with the interchange commitment is in the public interest." (Id. at 4.)

On July 21, 2026, K&O filed a reply in opposition to Weskan's July 6, 2026 motion for leave, arguing that, under the Board's rules, a reply to a reply is prohibited. (K&O Reply 1, July 21, 2026 (citing 49 C.F.R. § 1104.13(c)).) In addition, K&O argues that the administrative record is closed and that Weskan "had a full and fair opportunity to address the merits of K&O's petition." (Id. at 2.) According to K&O, as the party with the burden of proof, it should have the

right to close the record, not Weskan. (Id.) K&O contends that if "the Board determines it is necessary to initiate a formal proceeding here . . . each side will be afforded a proper, rule-compliant opportunity to present its case for and against granting the subject petition." (Id. at 2- 3.) K&O asks the Board to deny Weskan's motion for leave and to strike the proffered reply from the record. (Id. at 3.)

On July 27, 2026, UP filed a reply in opposition to Weskan's motion for leave. UP argues that Weskan's request for leave to file a reply does not meet any of the recognized exceptions to the Board's rule against replies to replies. (UP Reply 1, July 27, 2026.) UP contends that Weskan's reply "is cumulative, adds material that could have been submitted earlier, and undermines the orderly case administration the Board's rule is designed to protect." (Id.) UP argues that Weskan's claim that it could not have anticipated much of the substantive information in UP's reply is not credible because UP provided Weskan with much of the information in discovery during the prior proceeding. (Id. at 2.) Moreover, UP argues, Weskan's proposed reply "improperly reprises facts and arguments from earlier filings," and it attempts to introduce material that could have been included with Weskan's initial reply. (Id. at 3.)

On July 30, 2026, the Board instituted a proceeding under 49 U.S.C. § 10502(b).

The Board will grant Weskan's July 6, 2026 motion for leave to file a reply to UP's reply in support of the Petition. Given the parties' differing positions regarding Weskan's ability to use discovery taken during the prior proceeding, (see Weskan Reply 1-2, July 9, 2026), and UP's limited involvement in the prior proceeding, it is reasonable that Weskan did not anticipate the evidence and argument presented by UP in its reply in support of the Petition. Moreover, the information presented by UP in its reply went substantially beyond the information presented by K&O in the Petition. Therefore, the Board will waive its regulation at 49 C.F.R. § 1104.13(c), to the extent necessary, and accept Weskan's proposed reply attached to its July 6, 2026 motion for leave to file a reply.

Because K&O bears the burden of proof in this proceeding, the Board will allow K&O to respond to the evidence and argument presented by Weskan in its reply in opposition to the Petition and its response to UP's reply in support of the Petition. K&O's response shall be limited to 15 pages (not including attachments and appendices, which may not exceed 25 additional pages) and shall address only the issues raised by Weskan in its replies. Any such response from K&O is due by October 20, 2026.

The Board will deny Weskan's request for additional discovery. As the Board contemplates no further evidentiary filings by Weskan, Weskan's request for additional discovery is not warranted.

It is ordered:

1. Weskan's motion for leave to file a reply to UP's response in support of the Petition is granted, and the reply attached to its motion is accepted into the record.

2. K&O may file a response to the issues raised by Weskan in its reply in opposition to the Petition and its reply in response to UP's June 15, 2026 reply in support of the Petition. Any such response from K&O is due by October 20, 2026, and is limited to 15 pages in length (not including attachments and appendices, which may not exceed 25 additional pages).

3. Weskan's request for additional discovery is denied.

4. This decision is effective on its service date.

By the Board, Board Members Fuchs, Hedlund, Kloster, and Schultz.