SHARP LAW

Hammons P. Hepner
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 261-7564 – Facsimile
hhepner@midwest-law.com

October 1, 2026

**BY CM/ECF**
The Honorable Anthony J. Powell
United States District Court for the District of Kansas
401 N Market
Wichita, KS 67202

RE: *Weskan Grain LLC et al. v. Kansas & Oklahoma Railroad LLC, et al.*, Case No. 2:26-cv-02053-AJP-GEB (D. Kan.) – Plaintiffs' Response to Defendant Union Pacific Railroad Company's Notice of Supplemental Authority (Doc. 48)

Dear Judge Powell:

Plaintiffs respond to Union Pacific's Notice of Supplemental Authority (Doc. 48), which cites a September 29, 2026 decision from the Surface Transportation Board (the "STB decision").

Union Pacific did not provide supplemental authority in its Notice. Rather, it submitted a ministerial decision that does not change the narrow scope of the STB proceeding. The STB decision simply granted Weskan's July 6 motion to file a reply in Kansas & Oklahoma Railroad's after-the-fact petition for exemption of an agreement and amendment it reached with Union Pacific. The STB decision does not change the fact that it is only considering the narrow question of whether to approve the lease amendment containing the secret surcharge at issue in this lawsuit.

Moreover, as Plaintiffs noted in their Omnibus Response in Opposition to Defendants' Motions to Dismiss, the "STB lacks jurisdiction over secret agreements between railroads"— which is exactly what Plaintiffs allege here: a hidden, anticompetitive agreement resulting in higher charges and prices ***that hasn't even been approved by the STB***. Doc. 36 at 21 (citing *PCS Phosphate Co. v. Norfolk S. Corp.*, 559 F.3d 212, 218–19 (4th Cir. 2009) (noting that voluntary agreements entered into by private railroad companies "are not presumptively regulatory acts," and thus not preempted by statute)); *see also id.* at 27–30 (detailing how the doctrine of primary jurisdiction is inapplicable). The STB is not adjudicating the rights and claims of either Colorado Pacific Railroad or the Farmer Plaintiffs, who are not parties to the STB proceeding. And the STB cannot remedy the financial damages Defendants have caused Plaintiffs through their anticompetitive behavior. So the scope of the pending STB proceeding is too narrow to adequately address the parties, claims, and damages at issue in this lawsuit. Union Pacific's Notice of Supplemental Authority is not instructive to the Court. The Court should not defer to the STB on these claims and Defendants' motions to dismiss should be denied.

Respectfully submitted,

*<u>/s/ Hammons P. Hepner</u>*
Hammons P. Hepner

CC: CM/ECF to All Counsel of Record